LAKE AUBURN CRYSTAL ICE COMPANY AND FRANKLIN COMPANY,
In Equity,

*vs.*

THE CITY OF LEWISTON.

Androscoggin.   Opinion November 14, 1912.

*Agreed statement of facts.   Bill in Equity.   Declaration of Rights.   Floatable
stream.   Ice.   Injunction.   Lease.   Private Rights.   Private
Property.   Title.   Private and Special Laws of 1911.*

Under the agreed statement of facts five questions arise:

1.   Is the Androscoggin River at the point in question a floatable and non-tidal stream?

2.   If so, were the complainants riparian proprietors?

3.   Did the City of Lewiston acquire, by virtue of its Harrisburg lease, any title to the ice forming upon the river in front of the complainants' shore?

4.   Is the title to the ice in a floatable stream in the riparian owner or in the public?

5.   Is the ice upon a floatable stream formed over and above the land belonging in fee to the owner, property within the meaning of Section of the Declaration of Rights which provides: "Private property shall not be taken for public uses without just compensation nor unless the public exigencies require it."

6.   Was it the intention of the city to cut and harvest ice upon the river, upon the ice field alleged to be covered by complainants' title, to the extent of enabling the complainants to maintain their bill and be entitled to the relief prayed for.

*Held;* that under the rules laid down in *Wilson and Son et al* v. *Harry Harrisburg and Nathan Goldberg,* 107 Maine, 207, there can be no doubt that the plaintiffs are entitled to the relief prayed for and can maintain their bill.

Report upon an agreed statement of facts.   Bill sustained with costs.   Permanent injunction to issue.

This is a bill in equity in which the plaintiffs seek an injunction restraining the defendants from carrying into effect its alleged threats and purposes to enter upon the shores of said river adjacent to the premises owned by said Harrisburg and upon the bed of the river and to erect thereon and over and upon the bed of said river certain ice slips or runs and other structures and to cut, harvest and remove from said river the ice crop thereon, as set forth, and from doing any and all acts and things in furtherance of said threats and purposes and from interfering with the property and rights of the complainants and for a restraining order pending a hearing. Heard upon bill, answers and proof. At the conclusion of the evidence, the case reported to the Law Court upon an agreed statement of facts.

The case is stated in the opinion.

*White & Carter, and Newell & Skelton,* for plaintiffs.

*Frank A. Morey,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING, HALEY, JJ.

SPEAR, J. This case is reported upon an agreed statement of facts and involves the constitutionality of Chapter 92 of the Private and Special Laws of 1911. Under the agreed statement five questions arise.

1. Is the Androscoggin river at the point in question a floatable and non-tidal stream?

2. If so, were the complainants riparian proprietors?

3. Did the city of Lewiston acquire, by virtue of its Harrisburg lease, any title to the ice forming upon the river in front of the complainant's shore?

4. Is the title to the ice in a floatable stream in the riparian owner, or in the public?

5. Is ice upon a floatable stream formed over and above the land, belonging in fee to the owner, property within the meaning of Section of the Declaration of Rights; which provides: "Private property shall not be taken for public uses without just compensation nor unless the public exigencies require it."

6. Was it the intention of the city to cut and harvest ice upon the river upon the ice field alleged to be covered by the complain-

ants' title, to the extent of enabling the complainants' to maintain their bill and be entitled to the relief prayed for?

Every one of these questions, except the 6th is so thoroughly analyzed and fully settled in favor of the complainants in the comprehensive and exhaustive opinion in *Wilson and Son* v. *Harrisburg,* 107 Maine, 207, a case involving the identical premises in controversy, that a further review of the authorities applicable to the issues here raised would be a work of superrogation. Nor can there be any doubt, upon the evidence, under these rules of interpretation, that the plaintiffs are entitled to the relief prayed, and can maintain their bill.

But the defendants contend that they are authorized by special act of the Legislature to enter upon the ice field described in the plaintiffs' bill for the purposes of cutting ice for the benefit of the city. But an examination of the special act invoked, discloses a fatal omission in its phraseology, when regarded as a statute calculated to confer the right of eminent domain. It does not provide for the payment of any compensation whatever by the city for the taking of the ice, itself, formed upon the water over the bed of the river, the title of which is in the plaintiffs. Yet the one requirement to be found in the Constitution touching the right of eminent domain is that the property taken must be paid for. The constitutionality of municipal ownership under the special act of 1911, has not been considered.

> *Bill sustained with costs.*
> *Permanent injunction to issue.*